# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2012

No. 12-50092
Summary Calendar

Lyle W. Cayce
Clerk

DANIEL THOMAS, Individually and as Representative of the
Estate of Daniel Christopher Thomas; GLORIA THOMAS, Individually
and as Representative of the Estate of Daniel Christopher Thomas;
MARY KELLEY, as Next Friend of Kristen Danyaile Thomas,

Plaintiffs-Appellees

v.

ROBERT MARTINEZ, Individually and in His Official Capacity;
LARRY NORMAN, Individually and in His Official Capacity,

Defendants-Appellants

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-891

Before DAVIS, JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

San Antonio police officers Robert Martinez and Larry Norman ("Officers")

appeal the district court's denial of their motion for summary judgment on the

ground of qualified immunity in a shooting incident that killed an unarmed,

drunken suspect. The district court denied qualified immunity at this stage

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

because the testimony of an alleged eyewitness, Mr. Cardenas, directly contradicted the officers' testimony concerning the demeanor of the suspect and the officers' words and actions. The parties are well aware that this court may not make credibility determinations in the course of deciding a qualified immunity appeal; that we must accept all facts in the light most favorable to the non-movant; and that we have appellate jurisdiction only if a qualified immunity defense turns on questions of law. *Flores v. City of Palacios*, 381 F.3d 391, 393 (5th Cir. 2004).

The district court found a genuine issue of material fact in the contrasting statements of the officers and Cardenas. This is undoubtedly correct. The officers' only response is to assert that Cardenas's testimony was so incredible as to be unworthy of belief. The authority they rely on, *Scott v. Harris*, 550 U.S. 372, 380-81, 127 S. Ct. 1769 (2007), is distinguishable, because the undisputable evidence there was a videotape record of the car chase, whereas here, the evidence consists of conflicting testimony from the participants in the event and the eyewitness.

Because this interlocutory appeal does not turn on a question of law, the appeal must be DISMISSED.